DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant Lorain County Child Support Enforcement Agency (CSEA) appeals from the Lorain County Court of Common Pleas, Juvenile Division, which granted relief to Appellee Antonio Wallington. This Court affirms.
 I. {¶ 2} Melissa Richardson gave birth to a daughter, C., on December 14, 1995. On February 4, 1998, Appellee executed an Acknowledgement of Paternity Affidavit. CSEA, acting under an assignment of right, filed a complaint for child support. The court ordered Appellee to pay $155.83 per month. In an order dated October 14, 1998, the court formally declared Appellee to be C.'s father.
 {¶ 3} Appellee defaulted on the support and was indicted for non-support of a dependant, in violation of R.C. 2919.21(B), a fifth degree felony carrying a possibility of 12 months in prison and a $1,000 fine. On August 30, 2004, Appellee filed two motions. In his "Motion to Vacate Judgment Entry," he moved the court, pursuant to Civ.R. 60(B), to vacate the October 14, 1998 parentage order on the basis that he had signed it without the advice of counsel and under inducement by Ms. Richardson. In his "Motion for Genetic Testing," he moved the court to order Ms. Richardson and C. to submit to genetic paternity testing.
 {¶ 4} A magistrate heard these two motions and journalized an entry that said, among other things: Ms. Richardson "is in agreement to present the minor child [C.] for testing at the CSEA, CSEA is ordered to do DNA testing w/in 10 days of said child and [Appellee] at [Appellee]'s costs." CSEA conducted the testing without protest, and on March 29, 2005, issued a test result that proved conclusively that C. is not Appellee's biological child. Thereafter, Appellee filed "Defendant's Motion for Relief from Paternity Determination and Support Order," in which he moved the court to relieve him of the paternity determination, child support, and arrearages, pursuant to R.C.3119.961. CSEA opposed this motion.
 {¶ 5} On August 9, 2005, the court entered a judgment that granted Appellee's R.C. 3119.961 motion, but dismissed his Civ.R. 60(B) motion. Regarding the R.C. 3119.961 motion, the court said: "In the present case, application of R.C. Sections 3119.961 and3119.962 to the facts herein require that [Appellee] be granted the relief he seeks." As to the other motion, the court said: "In light of the above, [Appellee]'s August 30, 2004 Civ.R. 60(B) Motion to Vacate is hereby dismissed as moot." CSEA timely appealed, asserting two assignments of error.
 II. A. First Assignment of Error
"THE TRIAL COURT LACKED JURISDICTION TO ENTERTAIN APPELLEE'S CIV.R. 60(B) MOTION TO VACATE."
 {¶ 6} CSEA crafts its argument as follows: "CSEA contends that the trial court abused its discretion when it granted Appellee's Civ.R. 60(B) Motion to Vacate, in part, as the trial court lacked jurisdiction to entertain such motion." However, this is factually incorrect. The trial court did not grant Appellee's Civ.R. 60(B) motion; it expressly dismissed it in the August 9, 2005 judgment from which CSEA has appealed. Accordingly, CSEA's jurisdiction argument is unfounded. This assignment of error is overruled.
 B. Second Assignment of Error
"THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT GRANTED APPELLEE'S MOTION FOR RELIEF FROM PATERNITY AND SUPPORT ORDER."
 {¶ 7} CSEA says: "As this Court will recall, the Motion to Vacate Judgment requested the trial court to order genetic testing." This is factually incorrect. On August 30, 2004, Appellee filed two separate motions: (1) a "Motion to Vacate Judgment Entry"; and (2) a "Motion for Genetic Testing." On February 18, 2005, a magistrate held a hearing on the two motions, in which Ms. Richardson agreed to present C. for testing. The magistrate did not rule on the motion to vacate and the trial court did not adopt this magistrate order. CSEA has attempted to improperly combine or confuse the two motions. CSEA protested the Motion to Vacate Judgment on several grounds. CSEA never protested the Motion for Genetic Testing until now, and actually performed the testing without protest.
 {¶ 8} CSEA continues: "A review of the record indicates that Appellee premised his Motion for Relief from Paternity and Support Order with the genetic test results he obtained when the trial court granted, in part, his Motion to Vacate Judgment." Once again, this is incorrect; the trial court did not grant the Motion to Vacate Judgment. Appellee did base his Motion for Relief from Paternity on the genetic tests results, just as the rule requires. R.C. 3119.962(A). But, whether Appellee obtained the genetic test result from CSEA or some other qualified laboratory is irrelevant. See R.C. 3119.96; R.C. 3111.09(B)(1). What matters is that neither the accuracy nor the validity of the test result is in dispute.
 {¶ 9} CSEA concludes: "Since the trial court had no jurisdiction to order the genetic testing, Appellee then had no basis with which to support his Motion for Relief from Paternity and Support Order." Based on the misstatements above, this jurisdictional predicate is unfounded. Furthermore, R.C.3119.962(A)(1)(a) does not require that a court order underlie the genetic test. This assignment of error is overruled.
 III. {¶ 10} Appellant's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas, Juvenile Division, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellants.
Slaby, P.J. Moore, J. concur.